UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF BURKHARD KETSCHAU, et al., | CASE NO. C23-1676JLR |
| Plaintiffs, | ORDER |
| v. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs Ryan Ketschau, Ruby E. Ketschau, and the Estate of Burkhard Ketschau (individually, the "Estate" and collectively, "Plaintiffs") initiated this action against Defendant Progressive Direct Insurance Company on November 2, 2023. (Compl. (Dkt. # 1).) Mr. Ketschau and Ms. Ketschau are proceeding *pro se* on behalf of themselves and the Estate. (*See generally* Dkt.) On December 4, 2023, Plaintiffs filed a motion for leave to amend their complaint. (Mot. (Dkt. # 6).) The court cannot decide Plaintiffs' motion

//

ORDER - 1

at this time because it is not satisfied that Mr. Ketschau and Ms. Ketschau are authorized to proceed *pro se* on behalf of the Estate.

28 U.S.C. § 1654 permits a party to litigate his or her own case in federal court without hiring an attorney.  28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").  The right of self-representation, however, is personal to oneself and generally does not extend to others.  *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).  The Ninth Circuit has recognized that certain "principles . . . militate against allowing non-lawyers to represent others in court."  *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 172 (E.D. Va. 1994)); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person.").  "While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"  *Johns*, 114 F.3d at 876 (italics added) (quoting *C.E. Pope Equity Tr.*, 818 F.2d at 697); *see also id.* at 877 (holding that a parent cannot maintain an action on behalf of a minor child without retaining a lawyer).

Some circuit courts have adopted a narrow exception to this general rule in the context of trusts and estates:  if a *pro se* plaintiff-beneficiary can show that there are no other beneficiaries or creditors, then he may represent the trust or estate on a *pro se* basis.

*Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016) (holding that the sole beneficiary of an estate without creditors may represent the estate *pro se*); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (same); *Guest*, 603 F.3d at 20-21 (same).  Although the Ninth Circuit has not squarely adopted this exception, it has at least once followed a similar approach in light of the general rule that a *pro se* litigant cannot represent parties other than himself.  *See C.E. Pope Equity Tr.*, 818 F.2d at 697-98 (affirming dismissal of *pro se* plaintiff-trustee's complaint on behalf of trusts where the plaintiff failed to show that he was a trust beneficiary and thus was "not the actual beneficial owner of the claims being asserted by the Trusts").  Accordingly, the court concludes that Mr. Ketschau and Ms. Ketschau are not authorized to proceed *pro se* on behalf of the Estate unless they can show that they are the only beneficiaries of the Estate and that the Estate has no creditors.

The court ORDERS Mr. Ketschau and Ms. Ketschau to SHOW CAUSE why they should be permitted to proceed *pro se* on behalf of the Estate.  Specifically, Mr. Ketschau and Ms. Ketschau must file a response to this order by no later than **January 5, 2024**, that addresses the following:  (1) their relationship to the deceased, (2) whether they are beneficiaries of the Estate, (3) whether there are other living beneficiaries of the Estate who are not parties to this action, (4) whether the Estate has creditors, and (5) the identities of any other living beneficiaries and/or creditors of the Estate.  Mr. Ketschau and Ms. Ketschau may not proceed *pro se* on behalf of the Estate unless they provide proof, by sworn affidavit, that they are the sole beneficiaries and that the Estate does not have any creditors.  Alternatively, Mr. Ketschau and Ms. Ketschau may discharge this

order to show cause by filing a notice of their intent to hire an attorney to represent the Estate by no later than **January 5, 2024**.  The failure to timely respond to this order may result in either the Estate's dismissal from this action or the dismissal of this action entirely.

Dated this 15th day of December, 2023.

JAMES L. ROBART
United States District Judge