UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF BURKHARD KETSCHAU, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | CASE NO. C23-1676JLR<br><br>ORDER |

On December 4, 2023, *pro se* Plaintiffs Ryan Ketschau, Ruby Ketschau, and the Estate of Burkhard Ketschau (together, "Plaintiffs") filed an *ex parte* motion for leave to file an amended complaint. (Mot. (Dkt. # 6).) On December 15, 2023, the court entered an order to show cause stating that the court could not decide Plaintiffs' motion because it was "not satisfied that Mr. Ketschau and Ms. Ketschau are authorized to proceed *pro se* on behalf of the Estate." (OSC (Dkt. # 15) at 1-2.) More specifically, a review of relevant case law led the court to conclude that Mr. Ketschau and Ms. Ketschau cannot

ORDER - 1

"proceed *pro se* on behalf of the Estate unless they can show that they are the only beneficiaries of the Estate and that the Estate has no creditors." (*Id.* at 2-3 (collecting cases).) Accordingly, the court ordered Mr. Ketschau and Ms. Ketschau to file a response addressing

> (1) their relationship to the deceased, (2) whether they are beneficiaries of the Estate, (3) whether there are other living beneficiaries of the Estate who are not parties to this action, (4) whether the Estate has creditors, and (5) the identities of any other living beneficiaries and/or creditors of the Estate.

(*Id.* at 3.) The court also ordered Mr. Ketschau and Ms. Ketschau to provide proof, by sworn affidavit, that they are the sole beneficiaries and that the Estate has no creditors. (*Id.*)

Mr. Ketschau and Ms. Ketschau filed their response on December 21, 2023. (Resp. (Dkt. # 10).) They declared under penalty of perjury that: (1) Mr. Ketschau is the son of the deceased and Ms. Ketschau is the ex-wife of the deceased; (2) Mr. Ketschau is the sole beneficiary of the Estate; (3) there are no other living beneficiaries; and (4) the Estate has no creditors. (Resp. at 5.) In light of this response, the court is satisfied that Mr. Ketschau may proceed *pro se* on behalf of the Estate as its sole beneficiary and because the Estate has no creditors. Ms. Ketschau is advised that she may continue to proceed *pro se* on behalf of herself, but she may not proceed on behalf of the Estate as she is not a beneficiary. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

The court will now address Plaintiffs' motion for leave to file an amended complaint. The motion does not comply with this district's local rules, which require that

ORDER - 2

1  any party who moves for leave to amend a pleading "must attach a copy of the proposed
2  amended pleading as an exhibit to the motion." Local Rules W.D. Wash. LCR 15. (*See*
3  *generally* Mot.; Dkt. (failing to attach a copy of the proposed amended pleading).)
4  Further, "[t]he party must indicate on the proposed amended pleading how it differs from
5  the pleading that it amends by bracketing or striking through the text to be deleted and
6  underlining or highlighting the text to be added." Local Rules W.D. Wash. LCR 15.
7       The court therefore DENIES Plaintiffs' motion (Dkt. # 6) without prejudice.
8  Plaintiffs may file a new motion for leave to amend that complies with this district's local
9  rules. In addition, the court DISCHARGES its December 15, 2023 order to show cause
10 (Dkt. # 15).
11      Dated this 21st day of December, 2023.

                                          JAMES L. ROBART
                                          United States District Judge